In the Matter of ARGYLE ZONING COMMISSION, Appellant, v TOWN OF ARGYLE, Respondent.—Levine, J. Appeal from a judgment of the Supreme Court (Dier, J.), entered June 19, 1990 in Washington County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for failure to state a cause of action.

Petitioner was created and its members appointed by respondent pursuant to Town Law § 266 in 1988. Thereafter, petitioner commenced and continued performance of its duties until February 14, 1990, when respondent voted to replace petitioner's members effective March 1, 1990. At that time, petitioner had not submitted its final report to respondent (see, Town Law § 266). Petitioner then commenced this CPLR article 78 proceeding challenging respondent's action as arbitrary and capricious and seeking reinstatement of its members. Respondent moved to dismiss the petition for failure to

state a cause of action. Supreme Court granted that motion and this appeal ensued.

Petitioner's sole contention on this appeal is that respondent was precluded from unilaterally removing members allegedly without cause and prior to the completion and submission of its final report. We disagree. Town Law § 266 provides that "[i]n order to avail itself of the powers conferred by this article, [a] town board shall appoint a commission to be known as the zoning commission to recommend the boundaries of the various original districts and appropriate regulations to be enforced therein". This provision, while clearly mandating the appointment of a zoning commission, is silent as to the term of office for the members of such commission. Where, as here, the duration of an office is not specified by the State Constitution or by law, the office is "held during the pleasure of the authority making the appointment" (NY Const, art XIII, § 2; *see, Matter of Lake v Binghamton Hous. Auth.,* 130 AD2d 913, 914; 8 Opns St Comp, 1952, at 81).

It follows from the foregoing that in this case, petitioner served at the pleasure of respondent and, thus, its members were at will appointees subject to removal by respondent at any time. Petitioner's attempt to equate its rights with those of a planning board is unavailing. Pursuant to Town Law § 271 (1), members of a planning board serve for specified terms and may only be removed for cause and after a hearing. Town Law § 266, however, affords no similar statutory protections to members of a zoning commission. Accordingly, Supreme Court correctly determined that petitioner failed to state a cause of action and the judgment dismissing the petition should be affirmed.

Judgment affirmed, without costs. Casey, J. P., Mikoll, Levine, Mercure and Crew III, JJ., concur.